# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MARC VICTOR FRAZIER and SHARON FRAZIER,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CV 214-014

## ORDER

After the Drug Enforcement Administration seized Plaintiffs Marc and Sharon Frazier's assets in accordance with federal civil asset forfeiture laws, Plaintiffs sent the DEA a document captioned "Request for Remission/Mitigation of Forfeiture and Objection to Forfeiture." The DEA denied what it interpreted as Plaintiffs' petition for remission, and Plaintiffs subsequently filed a complaint for return of the seized property in this Court. The issue before the Court on the Government's Motion to Dismiss the Complaint (Dkt. no. 6) is whether the request Plaintiffs submitted to the DEA can be characterized as a "claim" that would have required the DEA to cease its administrative proceedings and initiate a judicial forfeiture

1

action or return the property, or whether the request was simply an administrative request for remission or mitigation, the denial of which is not subject to judicial review. Because Plaintiffs indicated that they sought judicial proceedings in their request to the DEA, and because they allege that the DEA misconstrued their request in violation of their due process rights, the Court has subject matter jurisdiction to consider their complaint and **DENIES** the Government's motion to dismiss.

## BACKGROUND

In April and May of 2013, the DEA seized various assets belonging to Plaintiffs on suspicion that the assets were fruit or instruments of an illegal drug trade. Dkt. no. 6, pp. 1-2. The assets included bank accounts, vehicles, and jewelry. Id. at 2-3.

Throughout May, 2013, the DEA sent Plaintiffs forfeiture notices for each asset the DEA had seized. See generally Dkt. no. 1-2. Each notice provided the procedures Plaintiffs could follow to either seek an administrative pardon by requesting "remission or mitigation of forfeiture" or contest the forfeiture in federal court. See, e.g., Dkt. no. 1-2, p. 1. To initiate the administrative process, Plaintiffs were instructed to file a "petition for remission or mitigation;" to initiate the federal court challenge, Plaintiffs were instructed to file

a "claim." Id. Specifically, under the heading "To Contest the Forfeiture," the notice stated:

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **July 5, 2013**. The claim need not be made in any particular form. . . .

Id.

On June 18, 2013, Plaintiffs, through their counsel, sent the DEA a document entitled "Request for Remission/Mitigation of Forfeiture and Objection to Forfeiture." See Dkt. no. 6-2, p. 2. The cover letter for that document referred to it as a "Request for Remission." Id. at 1. Plaintiffs stated in their request that they "hereby request remission and/or mitigation of forfeiture and hereby object to the administrative forfeiture proceedings initiated by the [DEA]," and that they "demand remission and/or mitigation of the forfeiture action, demand that the forfeiture action be dismissed and/or withdrawn, and demand the immediate return and relinquishment of all their seized property . . . ." Id. at ¶¶ 1, 11. On June 26 and July 2, 2013, Plaintiffs submitted substantially similar documents that included identifications for seized items the previous documents had omitted. See Dkt. nos. 3, 4. These were each referred to in their cover letters as "Second Request for Remission" and "Third Request for Remission," respectively. Id.

3

The DEA rejected what it interpreted to be "petitions," and sent letters to Plaintiffs notifying them that they were rejected for not meeting the requirements of certain regulations governing administrative petitions. Dkt. nos. 6-5, 6-6, 6-7. The notifications gave Plaintiffs 30 days to cure the deficiencies, Id., which they did on August 19, Dkt. no. 6-8. The cover letter for the amended "petitions" called them the "First, Second, and Third Request for Remission." Id. at 1. The DEA responded that the "Petition for Remission and/or Mitigation will be ruled on administratively by this office." Dkt. no. 6-9, p. 1. The DEA ultimately denied the petitions on October 22, 2013. Dkt. no. 6-11. Plaintiffs filed a complaint in this Court on February 3, 2014, arguing that the documents they filed were simultaneously petitions *and* claims, and that the Government must release the seized property because it failed to follow the statutory procedures for initiating judicial review of seizures for which individuals have filed a claim.

## LEGAL STANDARD

The Government challenges Plaintiffs' complaint under both Rules 12(b)(1) and 12(b)(6). A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the court's subject matter jurisdiction based on the face of the pleadings or the substantive facts of the case. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th

4

Cir. 2003). When addressing a facial challenge, allegations in the plaintiff's complaint are taken as true, and the court determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). The complaint may be dismissed on a facial attack only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994) (citation omitted).

When addressing a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." See Lawrence, 919 F.2d at 1528-29 (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)); see also Scarfo, 175 F.3d at 960 ("[M]atters outside the pleadings, such as testimony and affidavits, are considered."). Therefore, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach to a factual challenge to the court's subject matter jurisdiction. See Scarfo, 175 F.3d at 960.

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th

AO 72A
(Rev. 8/82)

Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Civil asset forfeiture is a powerful weapon federal law enforcement agencies may wield in the ongoing battle against illegal drug trafficking. Its power lies in its ease of use: federal law enforcement agencies may seize assets that are the fruit of illicit activity and justify the seizure simply by showing, by a preponderance of the evidence, that the asset is, in fact, tied to some category of illegal activity. This ease of use, though, also poses the risk of snatching the livelihood and fortunes of innocent citizens who have not been found guilty of criminal wrongdoing beyond a reasonable doubt by a jury of their peers.

To mitigate this risk, Congress saw fit to attach procedural safeguards to this nation's civil asset forfeiture

AO 72A
(Rev. 8/82)

laws. To that end, Congress adopted the Civil Asset Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, to ensure that private interests were protected. One of those safeguards, relevant here, is the process for filing a post-seizure "claim" for seizures amounting to less than $500,000. 18 U.S.C. § 983(a)(2)(A). When a "claim" is filed, the DEA must seek a judicial forfeiture. Alternatively, a plaintiff may instead consent to allowing the DEA to administratively determine whether or not the seizure was appropriate. This process, called a "petition" for remission or mitigation, allows the seizing agency to determine the merits of the plaintiff's petition, but it also bars the plaintiff from later seeking a judicial review if his petition is denied. See 28 C.F.R. Part 9. The question at issue here is whether Plaintiffs' responses to the DEA were "petitions," "claims," or, as they argue, both.

I. "Claims" Under CAFRA

If a party wants to challenge a forfeiture in federal court, he must file a claim with the DEA by the appropriate deadline stated in the notice of seizure or, if the party did not receive a notice, then no later than thirty days after the final publication of the notice of seizure. 18 U.S.C. § 983(a)(2)(B). The claim "need not be made in any particular form." Id. § 983(a)(2)(D). A seizing agency must make claim forms generally available, but the party seeking a judicial

AO 72A
(Rev. 8/82)

challenge to the seizure is not required to use the form. Id. The claim must identify, under oath, the specific property being claimed and the claimant's interest in that property. Id. § 983(a)(2)(C). "No later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . or return the property . . . ." Id. § 983(a)(3)(A). In the subsequent civil forfeiture proceedings, the government bears the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. Id. § 983(c)(1).

## II. "Petitions" Under CAFRA

If a party chooses not to seek a judicial challenge to the forfeiture, he may choose to challenge the forfeiture administratively. To do so, the party must file a "petition" for either remission (voidance of the forfeiture) or mitigation (reduction in the assets seized). 28 C.F.R. § 9.3. Petitions must contain the following information:

> (i) The name, address, and social security or other taxpayer identification number of the person claiming an interest in the seized property who is seeking remission or mitigation;
>
> (ii) The name of the seizing agency, the asset identifier number, and the date and place of seizure;
>
> (iii) A complete description of the property, including make, model, and serial numbers, if any; and
>
> (iv) A description of the petitioner's interest in the property as owner, lienholder, or otherwise, supported by original or certified bills of sale, contracts, deeds, mortgages, or other documentary evidence. Such

AO 72A
(Rev. 8/82)

> documentation includes evidence establishing the source of funds for seized currency or the source of funds used to purchase the seized asset.

Id. § 9.3(c)(1). "Any factual recitation or documentation of any type in a petition must be supported by a sworn affidavit." Id. § 9.3(c)(2). "The petition is to be sent to the official address provided in the notice of seizure and shall be sworn to by the petitioner or by the petitioner's attorney upon information and belief, supported by the client's sworn notice of representation. . . ." Id. § 9.3(e)(2).

Once a petition is received, the seizing agency may prepare a report on the merits of the petition to provide to the Ruling Official. Id. § 9.3(f). The Ruling Official considers the report and then rules on the petition without any hearing. Id. § 9.3(g). If the petition is denied, the petitioner may file a request for reconsideration that will be decided by a different Ruling Official than the one who ruled on the original petition. Id. § 9.3(j)(2).

If the seized property is administratively forfeited, the district court is divested of jurisdiction to review the merits of the forfeiture action. Linarez v. United States Dep't of Justice, 2 F.3d 208, 212 (7th Cir. 1993) ("[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of

return of property."). However, federal courts may review an administrative forfeiture to determine "whether the agency followed the proper procedural safeguards" in forfeiting the assets. Scarabin v. Drug Enforcement Admin., 919 F.2d 337, 338 (5th Cir. 1990). "A clear misconstrual of [a] petition states a due process claim within the district court's subject matter jurisdiction." Rodriguez v. Drug Enforcement Admin., 219 F. App'x 22, 23 (1st Cir. 2007).

### III. Is Plaintiffs' "Request for Remission/Mitigation of Forfeiture and Objection to Forfeiture" a Claim, a Petition, or Both?

The Government argues that Plaintiffs did not file a claim, but instead filed a petition, and after their petition was denied they were barred from seeking judicial review. In making this argument, the Government cites to several cases that discuss what is required for a filing seeking the return of seized assets to appropriately be considered a "claim" as opposed to a "petition."

18 U.S.C. § 983(a)(2)(C) states that "[a] claim shall: (i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." Id. § 983(a)(2)(C). Furthermore, "[a] claim need not be made in any particular form." Id. § 983(a)(2)(D). Despite this language, some courts have read implicit requirements into the proper form for claims.

AO 72A
(Rev. 8/82)

Some of these requirements apply to how the plaintiff titles his claim, and others apply to the substance of the claim.

Courts frequently reject arguments that documents submitted to an agency and simply titled "Petition for Remission or Mitigation," or some equivalent, are actually claims. For example, the District of New Jersey held that a self-titled "Petition for Remission or Mitigation" could not later be construed as a claim where it was titled as a petition and the attached cover letter repeated that title. Cohen-Sanchez, Civ. No. 11-6578, 2012 WL 1150760, at *4 (D.N.J. Apr. 5, 2012); see also Martin v. Leonhart, 717 F. Supp. 2d 92, 98 (D.D.C. 2010) (holding a letter entitled "Petition for the Return of Money" is not a claim where it is not captioned as a claim and does not mention that a claim is being filed).

Some courts have also placed substantive requirements on purported "claims" beyond those enumerated in § 983(a)(2)(C). For example, in addition to the Cohen-Sanchez plaintiff's labeling faults, the court noted that his letter did not request judicial review nor seek to transfer his case to the district court. 2012 WL 1150760, at *4; see also Martin, 717 F. Supp. 2d at 98 (holding a letter is not a claim where the letter did not request judicial review or seek to transfer to a district court); Pert v. United States, CV 3:10-0739, 2011 WL 1792767, at *4 (D. Nev. May 11, 2011) (letter not a claim where body of

11

letter never mentions a "claim" being filed, "demands that the entire amount be *remitted*," and does not seek judicial review or transfer to a district court).

The earliest and most frequently cited of the cases rejecting a plaintiff's attempt to later construe a petition as a claim is Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy, 538 F. Supp. 2d 162 (D.D.C. 2008) ("Malladi Drugs I") (*affirmed on other grounds*, 552 F.3d 885 (D.C. Cir. 2009)). In Malladi Drugs I, the court held that a petition could not later be construed as a claim where "the Petitions were clearly labeled as such. They contained not one hint that they were not what they said they were." Id. at 169. Additionally, the Petitions stated they were filed "pursuant to 28 C.F.R. Part 9, the regulations that govern petitions, and not the statutory provisions for claims," and gave several other indications that plaintiffs intended to follow the regulatory scheme for petitions rather than the statutory scheme for claims. Id.

However, Malladi Drugs I concluded its holding that the petitions in that case were not claims by stating: "CAFRA simplified the process by which owners of seized property might regain it. It provides statutory rights. No special forms are required, no bond need be paid, no legal mumbo-jumbo is necessary . . ." 538 F. Supp. 2d at 169.

This Court finds <u>Malladi Drugs I</u>'s reasoning and holding persuasive. To the extent that the holdings of <u>Cohen-Sanchez</u>, <u>Martin</u>, and <u>Pert</u> explicitly or implicitly require a party seeking to challenge a forfeiture judicially to invoke certain words or phrases like "claim," "transfer to district court," or "judicial review," this Court is not convinced that any *particular* words indicating a wish to seek judicial review are required. However, all of the cases cited above support the proposition that the onus must be on the plaintiff to provide some indicia in his claim that it actually is a claim. See <u>Malladi Drugs I</u>, 538 F. Supp. at 169 (the documents entitled "petitions" "contained not one hint that they were not what they said they were."). But any further requirements for specific words, phrases, or incantations runs afoul of § 983(a)(2)(C)'s statement that "[a] claim need not be made in any particular form." See also <u>Rodriguez</u>, 219 F. App'x at 23 ("Concerning the government's argument that the appellant never used the term 'claim', which goes to the merits of the claim, we note that if special language was required, the notice should have said so.").

Under this reading of § 983's requirements, as informed by <u>Malladi Drugs I</u>, Plaintiffs' "Request for Remission/Mitigation of Forfeiture and Objection to Forfeiture" does provide several indicia that it seeks a judicial forum for Plaintiffs'

13

AO 72A
(Rev. 8/82)

forfeiture action. Unlike the Plaintiff in <u>Malladi Drugs I</u>, which could not later construe its petition as a claim when the petition was specifically brought under 28 C.F.R. Part 9, <u>Malladi Drugs I</u>, 538 F. Supp. 2d 162, Plaintiffs here challenged their forfeiture under 18 U.S.C. § 983, which governs judicial forfeitures. <u>See</u> Dkt. no. 6-2, ¶ 10. Plaintiffs also objected "to the administrative forfeiture proceedings initiated by the [DEA]", and requested dismissal of the forfeiture action. <u>Id.</u> at p. 2, ¶ 11. These statements would be out of place in a document that merely seeks an administrative review of the forfeiture rather than a judicial challenge. Finally, the substance of the "petition/claim" makes arguments postured for a judicial challenge rather than an administrative pardon: the Plaintiffs claim that there was no probable cause for the search and subsequent seizure, that the seizure was instituted and executed without the requisite showing of a substantial nexus between the property and unlawful activity, and that the seizure violates several state and federal statutory and constitutional rights. <u>Id.</u> ¶¶ 4-10. While the Plaintiffs admittedly never uttered magic words such as "claim," "transfer to district court," or "judicial review," no *particular* words are necessary to initiate a claim. And while Plaintiffs may have referred to the request as a "petition for remission" in their cover letters, this language cannot, on its own, overcome the language, title, and

AO 72A
(Rev. 8/82)

thrust of the request itself, which clearly contemplates a judicial proceeding. Plaintiffs have provided enough in their claim through its substance and reference to § 983 to render their "petition/claim" a "claim."

The Government argues that Plaintiffs' "petition/claim" cannot simultaneously be a petition *and* a claim. In making this argument, Defendant cites <u>Cohen-Sanchez</u>, which held that "[a]n interested party may respond to notice of the administrative forfeiture action by: (1) filing a Claim; and/or (2) filing a Petition. The interested party cannot, however, use the same document to file both a Claim and a Petition." 2012 WL 1150760 at *2 (citing <u>Malladi Drugs I</u>, 538 F. Supp. 2d 162). However, <u>Cohen-Sanchez</u> seems to over-generalize <u>Malladi Drugs I</u>'s holding, which never stated that a claim cannot also be a petition, but simply held that the petition *in that case* was not also a claim. <u>Malladi Drugs I</u>, 538 F. Supp. 2d at 169. Thus, the Government here has not presented a sound basis for why Plaintiff's petition cannot simultaneously be a claim.[1]

One other court, to this Court's knowledge, has discussed the effect of simultaneously filing a petition and a claim. In <u>Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy</u>, 552 F.3d 885

---

[1] The Court is aware of one other case suggesting that filing a petition with an administrative agency waives one's right to file a claim. <u>Martin</u>, 717 F. Supp. 2d at 99. However, in <u>Martin</u> the plaintiff had filed a timely petition and *later* attempted to file an untimely claim. <u>Id.</u> Thus, <u>Martin</u> may stand for the proposition that filing a petition, on its own, waives the claimant's right to later file a claim, but it does not suggest that the same document cannot simultaneously be a petition and a claim.

15

(D.C. Cir. 2009) ("Malladi Drugs II") (*affirming on other grounds* Malladi Drugs I), the D.C. Circuit states that a party "may choose to pursue either the administrative or the legal remedy, complying with the applicable filing deadline for its choice." Id. at 889. However, in a footnote, the D.C. Circuit notes:

> The DEA's notice-of-seizure form states that a party claiming ownership "may petition the DEA for return of the property . . . and/or . . . may contest the seizure and forfeiture of the property in Federal court," implying that an owner may pursue both routes. This may be true, but as a practical matter, filing a claim to contest the forfeiture in court ends the administrative forfeiture from which an owner would petition for remission.

Id. at 889, n.1. The D.C. Circuit apparently draws no further conclusions from this language in the DEA's notice form. Nevertheless, it later states that the "forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture" and holds that the plaintiff waived its right to file a claim by only filing a petition for administrative review. Id. at 890. While the D.C. Circuit appears to find that one cannot file a claim after already having filed a petition, its footnote above also appears to leave open the possibility of filing both simultaneously, as was done here. But because claims and petitions provide mutually exclusive remedies, the DEA should

have construed Plaintiffs' petition/claim as simply a claim, and then proceeded accordingly.

Understandably, requiring the DEA to be on the lookout for claims dressed up as petitions will naturally place a greater burden on the agency when it receives and interprets these documents. Cf. Malladi Drugs I, 538 F. Supp. 2d at 169-70 (allowing responses to notices of forfeiture to simultaneously be claims and petitions "would require seizing agencies to treat all petitions as claims and to refer all petitions for judicial forfeiture. That clearly was not the intent of Congress when it established the claims process."). But if discerning potential claims from petitions is too great a burden for the DEA, then perhaps it should not invite claimants to file them using the language the DEA selected. The notice letters the DEA sent to Plaintiffs read: "*In addition to*, or in lieu of petitioning for remission or mitigation, any person may contest the forfeiture of the seized property in UNITED TATES DISTRICT COURT by filing a claim pursuant to 18 U.S.C. § 983(a) . . ." Dkt. no. 1-2, p. 1 (emphasis added). Because claimants are invited to file both petitions and claims, and because the notice itself states that claims need not be made in any particular form, id., it is only natural that some claimants will file both in the same document in the absence of any instruction to the contrary. Cf. Rodriguez, 219 F. App'x at 23 (". . . if special language was

required [to file a claim], the notice should have said so. The [claimant] was entitled to notice that was not patently misleading or uninformative.").

The DEA, then, caused any confusion resulting from Plaintiffs filing their claims simultaneously with their petitions. If a claimant files such a document with the DEA and the agency later fails to initiate the judicial forfeiture process, as happened here, then the court has subject matter jurisdiction to consider whether the agency violated the claimant's due process rights. See Rodriguez, 219 F. App'x at 23 ("A clear misconstrual of [a] petition states a due process claim within the district court's subject matter jurisdiction); cf. In re Matter of $67,470.00, 901 F.2d 1540, 1545 (11th Cir. 1990) (holding that equitable jurisdiction may be appropriate if the claimant's "failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct.").

Finally, the Government argues that even if Plaintiffs' petition was also a claim, "Plaintiffs received ample notice that the DEA was construing their submissions as petitions for remission/mitigation," and thus cannot argue post hoc that their petition was in fact a claim. Dkt. no. 6, p. 14-15. However, if a claimant were to simultaneously file a petition and a claim (at the agency's invitation), the agency's subsequent

AO 72A
(Rev. 8/82)

correspondence regarding the petition's status in the administrative process would be perfectly consistent with the claimant's request and would not notify the claimant that his petition/claim had been misconstrued. Plaintiffs, then, were not on notice that the DEA had failed to initiate a judicial forfeiture until the administrative proceedings were complete. By then, the time to initiate judicial proceedings had passed.

## CONCLUSION

Plaintiffs allege in their complaint that the DEA misconstrued their "request for remission/mitigation of forfeiture and objection to forfeiture." An allegation of misconstrual states a due process claim within the district court's subject matter jurisdiction. Rodriguez, 219 F. App'x at 23. Thus, the complaint on its own survives the Government's 12(b)(6) motion to dismiss, and when considered in conjunction with the submitted evidence it survives the Government's 12(b)(1) motion to dismiss. As such, the Government's motion to dismiss (Dkt. no. 6) is **DENIED**.

**SO ORDERED**, this 31ST day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA